IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA JOHNSON,

    Plaintiff,

v.                                                   No. 2:23-cv-1063 SMD/KRS

PARKS FLOYD INVESTMENTS, LLC,

    Defendant.

**ORDER GRANTING OPPOSED MOTION
TO VACATE SCHEDULING ORDER**

THIS MATTER is before the Court on Defendant's Opposed Motion to Vacate Scheduling Order ("Motion"), filed March 20, 2025. (Doc. 19). Plaintiff filed a response to the Motion on April 3, 2025 (Doc. 20); Defendant filed a reply on April 10, 2025 (Doc. 23); and the Court held a hearing on April 22, 2025 at which counsel were allowed to present additional arguments (Doc. 28). For the reasons set forth below and at the April 22, 2025 hearing, the Court grants the Motion in part as follows.

Modification of the Court's scheduling order deadlines requires a showing of good cause and Court approval. Fed. R. Civ. P. 16(b)(4); D.N.M. LR-Civ. 16.1; *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression of discovery). A motion to modify a deadline filed after the deadline has expired requires a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Thus, while Rule 16(b)(4) speaks to general modification of scheduling orders, when an extension of time is requested after the expiration of the relevant deadline, Rule 6(b)(1)(B) requires a showing of excusable neglect. *See, e.g., CGB Diversified Servs., Inc. v.*

*Forsythe,* No. 20-CV-2120-TC-TJJ, 2021 WL 672168, at *1 (D. Kan. Feb. 22, 2021); *Johnson v. City of Murray*, No. 2:10-CV-01130-TS-EJF, 2012 WL 5194025, at *2 (D. Utah Oct. 19, 2012); *see also Utah Republican Party v. Herbert*, 678 Fed. Appx. 697, 700–01 (10th Cir. 2017) (stating that both "good cause" under Rule 6(b)(1)(A) and "excusable neglect" under Rule 6(b)(1)(A) apply to a motion for extension of time to file a post-judgment motion for attorney's fees and costs); *Candelaria v. Molina Healthcare, Inc.*, No. CV 18-725 WJ/GBW, 2019 WL 4643946, at *3 (D.N.M. Sept. 24, 2019) (stating it is unclear whether a party seeking an extension of a scheduling order deadline must satisfy the requirements of both Rule 16(b) and Rule 6(b)).

"Excusable neglect requires 'some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified.'" *Utah Republican Party*, 678 Fed. Appx. at 700 (quoting *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996) (internal quotation marks omitted)). In the Tenth Circuit,

> [t]o determine whether the neglect is 'excusable,' the court must take account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Johnson*, 2012 WL 5194025, at *2 (internal quotation marks omitted) (quoting *Stringfellow v. Brown*, No. 95–7145, 1997 WL 8856, at *1 (10th Cir. Jan.10, 1997) (unpublished) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993))). "'[G]ood cause' requires a greater showing than 'excusable neglect.'" *Utah Republican Party*, 678 Fed. Appx. at 700 (quoting *Broitman*, 86 F.3d at 175). "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant. It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts." *Id.* (internal

2

quotation marks and citations omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal citations omitted). The Tenth Circuit "ha[s] said that '[w]ithout attempting a rigid or all-encompassing definition of "good cause," it would appear to require *at least as much* as would be required to show excusable neglect.'" *Utah Republican Party*, 678 Fed. Appx. at 700 (quoting *Broitman*, 86 F.3d at 175 (emphasis in original)).

On March 4, 2025, Defendant noticed Plaintiff's Zoom based deposition duces tecum for March 18, 2025. The notice of deposition duces tecum provided a list of documents for Plaintiff to produce at the deposition in fourteen days, despite the thirty days allotted for parties to produce documents upon request pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"). On March 18, 2025, approximately 90 minutes into Plaintiff's deposition, and after having been questioned by Defense counsel about his then-present location, Ruidoso, New Mexico, police officers appeared at Plaintiff's location and arrested him on an outstanding arrest warrant. Plaintiff's arrest resulted in the deposition being terminated before Defense counsel had completed his examination of Plaintiff. During the April 22, 2025 hearing, defense counsel conceded that a representative of Defendant had notified the Ruidoso Police Department of Plaintiff's location. Thus, while Plaintiff bears the sole responsibility between the parties as to the existence of an active warrant for his arrest, Plaintiff probably would not have been arrested during his deposition had the representative of Defendant not notified police of his location.

Presently, Defendant seeks to amend the deadline for all discovery by motion filed March 20, 2025, two days after the March 18, 2025 deadline expired. As the Court explained during the April 22 hearing, the Court finds that Defendant has shown excusable neglect in failing to move

for an extension on the day of the deadline, which is also when it first became apparent to Defendant that an extension would be required. It is understandable that Defense counsel would have been surprised by the arrest interrupting the deposition, and that it would have taken a bit of time to conclude that an extension of the discovery deadline would be necessary to complete Plaintiff's deposition.

As the Court also explained during the April 22 hearing, Defendant has shown good cause for extending the discovery deadline *solely* for the purpose of conducting Plaintiff's deposition, which was cut short on March 18, 2025 through the fault of both parties. However, while the unexpected early termination of Plaintiff's deposition provides good cause for the extension of the discovery deadline to complete Plaintiff's deposition, it does not provide good cause for extension of the discovery deadline for any other purpose.

Finally, Defendant sought the production of documents from Plaintiff pursuant to the notice of deposition duces tecum propounded 14 days before the discovery deadline. FRCP 30 permits a notice of deposition to a party to include a Rule 34 request for the production of documents. Fed. R. Civ. 30(b)(2). However, Rule 34 permits a party 30 days to respond to the request for production. Fed. R. Civ. P. 34(b)(2)(A).

The notice of deposition duces tecum propounded to Plaintiff by Defendant was defective in two respects. First, the production of documents by Plaintiff would have been due only 14 days after the notice was given, instead of at least 30 days after as required by the rules. Second, even had the notice given the requisite 30 days for the document production to occur, that production wouldn't have been due until after the expiration of the discovery period. According to the Scheduling Order (Doc. 11), "[a] written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline." The notice of

4

deposition duces tecum was not propounded to Plaintiff sufficiently ahead of the discovery deadline to permit the 30-day response time before the discovery period lapsed. Since Defendant did not propound the document request to Plaintiff in a manner permitted by the rules and within the time frame required by the Scheduling Order, Defendant is prohibited from now doing so.

Accordingly, Defendant's Opposed Motion To Vacate Scheduling Order ("Motion") **(Doc. 19)** is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant has not shown good cause or excusable neglect to vacate all scheduling order deadlines, but has shown good cause and excusable neglect to extend the discovery deadline to allow Defendant to conduct a second deposition of Plaintiff.

2. The discovery deadline is extended to **July 31, 2025** solely for the purpose of conducting Plaintiff's second deposition (the relatively long time period of the extension is permitted to accommodate Defense counsel, who indicated during the hearing he was leaving soon on a vacation that would extend for approximately six weeks).

3. Defendant is granted leave to conduct a second deposition of Plaintiff, the duration of which shall extend to the full amount of time set forth in the original Scheduling Order (Doc. 11), without regard to time expended during the disrupted deposition on March 18, 2025.

4. On or before **April 28, 2025**, Plaintiff's counsel shall email Defendant's counsel a list of four dates, one for each week in July 2025, on which Plaintiff and his counsel will be available to conduct Plaintiff's deposition. Prior to leaving the country on **May 6, 2025** for a planned vacation, Defendant's counsel shall select one of the dates provided by Plaintiff's counsel and notify Plaintiff's counsel by email of the selection, as well as serve notice of Plaintiff's deposition on the selected date. Defendant may not serve Plaintiff with a subpoena duces tecum in connection with the notice of deposition.

IT IS SO ORDERED this 24th day of April, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE